UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RODNEY BETTIS,<br><br>　　Plaintiff,<br><br>v.<br><br>SPRING OAKS CAPITAL, LLC and NISSAN MOTOR ACCEPTANCE COMPANY, LLC,<br><br>　　Defendants. | CIVIL ACTION<br>FILE NO.: _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff, Rodney Bettis ("Plaintiff"), by counsel, hereby files his Complaint ("Complaint") against Defendant Spring Oaks Capital, LLC ("Spring Oaks") and Defendant Nissan Motor Acceptance Company, LLC ("Nissan") (collectively "Defendants") as follows:

**INTRODUCTION**

1.

This is an action for actual, statutory, and punitive damages, attorneys' fees, and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA").

2.

Plaintiff is an individual and a consumer under the FCRA. Defendants are each a furnisher of information as that term is used in the FCRA. Defendant Spring Oaks is also a debt collector under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. Both Defendants are subject to the FCRA. Defendant Spring Oaks is subject to the FDCPA.

3.

Plaintiff is the victim of identity theft. An unknown fraudster opened an account with Defendant Nissan and bearing an account numbed ending in 0001 (the "Nissan Account") under Plaintiff's name and without his knowledge or consent. Defendant Nissan enabled the fraudster to open the Nissan Account. The Nissan Account was opened in relation to a vehicle the fraudster purchased using Plaintiff's name.

4.

Defendant Nissan reported the Nissan Account to the credit bureaus, Equifax, Trans Union, and Experian (collectively the "CRAs") under Plaintiff's name to be included in his credit files with the CRAs. The CRAs included the false and inaccurate Nissan Account on Plaintiff's credit files.

5.

Defendant Nissan later sold the Nissan Account to Defendant Spring Oaks. Spring Oaks separately reported the Nissan Account under its own name ("Spring Oaks Account") to the CRAs and under Plaintiff's name. Defendant's reporting of the Spring Oaks Account was false and inaccurate because Plaintiff did not open the Spring Oaks Account and it did not belong to him.

6.

This case arises under the FCRA against both Defendants for their false and inaccurate reporting of the Nissan Account and Spring Oaks Account to the CRAs and their failure to conduct reasonable investigations of Plaintiff's disputes with the CRAs.

7.

As set forth below, Plaintiff suffered concrete harm because of Defendants' violations of the FCRA.

**PARTIES, JURISDICTION, AND VENUE**

8.

At all times material to this action, Plaintiff was a resident of the State of Georgia and this Judicial District.

9.

At all times material to this action, Defendant Spring Oaks was a foreign limited liability company which has a principal place of business in Virginia. Defendant Spring Oaks collects debts and does business in this District and Division.

10.

Defendant Spring Oaks may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: Corporation Service Company, 100 Shockoe Slip Fl 2, Richmond, VA 23219-4100.

11.

At all times material to this action, Defendant Nissan was a foreign limited liability company which has a principal place of business in Tennessee. Defendant Nissan does business in this District and Division.

12.

Defendant Nissan may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: CSC Networks, Inc., 407 East Maple Street, Suite 204, Cumming, GA 30040.

13.

The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681 and 28 U.S.C. § 1331.

14.

Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

15.

Defendants are subject to the jurisdiction of this Court as a result of doing business in this District and Division.

## FACTUAL ALLEGATIONS

16.

Plaintiff did not open the Nissan Account or the Spring Oaks Account. Both Defendants falsely and inaccurately reported their Accounts to the CRAs under Plaintiff's name and other information.

17.

In May 2025, Plaintiff disputed the Nissan Account and the Spring Oaks Account with the CRAs ("CRA Disputes"). Upon information and belief, the CRAs transmitted Plaintiff's CRA Disputes to Defendants and Defendants received them.

18.

Defendants failed and refused to correct their inaccurate reporting the Nissan Account and Spring Oaks Account with the CRAs. Instead, they failed to undertake reasonable investigations of Plaintiff's CRA Disputes and falsely verified their inaccurate reporting to the CRAs.

19.

To make matters worse, at one point, CRA Equifax initially deleted the Spring Oaks Account from Plaintiff's Equifax credit file only to have Defendant Spring Oaks override Equifax and direct Equifax to reinsert the Spring Oaks Account into Plaintiff's Equifax Credit file.

20.

Defendant Spring Oaks further continued to engage in collection efforts directed toward Plaintiff ("Collection Efforts") even after Spring Oaks had received Plaintiff's CRA Disputes with the enclosed FTC Fraud Affidavit and other information proving that Plaintiff was not liable for the Nissan Account and/or the Spring Oak Account.

21.

Defendant Spring Oak's Collection Efforts consisted of, at least, (i) sending Plaintiff texts in June 2025 seeking to collect on the Spring Oak Account; (ii) asking Equifax to reinsert the Spring Oaks Account into Plaintiff's credit file; (iii) continuing to report the Spring Oaks Account on Plaintiff's credit files with the CRAs; and (iv) refusing to cease collection efforts against Plaintiff for the debt he did not owe.

22.

Defendant Nissan, for its part, had prior knowledge of Plaintiff's dispute of the Nissan Account as fraud dating back several years. Upon information and belief, the Nissan Account did not report on Plaintiff's credit files with the CRAs for a period of time and then Defendant Nissan began to report it to the CRAs again.

23.

In May 2024, Plaintiff also disputed the inaccurate Nissan Account directly with Defendant Nissan and Defendant Nissan refused to correct its records and continued to hold Plaintiff responsible for the Nissan Account. Defendant sent Plaintiff a letter dated June 20, 2025 wherein it denied Plaintiff's claim that the Nissan Account was the result of fraud.

24.

As a result of Defendant Nissan's violations of the FCRA, Plaintiff suffered lowered credit scores, increased cost of credit, lost time and effort disputing the Nissan Account with the CRAs, lost sleep worrying about the Nissan Account and whether Defendant Nissan would ever stop reporting it to the CRAs, postage to send dispute letters to the CRAs, and emotional distress.

25.

As a result of Defendant Spring Oak's violations of the FCRA, Plaintiff suffered lowered credit scores, lost time and effort disputing the Spring Oaks

Account, loss of sleep worrying about whether Defendant Spring Oak would ever stop its improper Collection Efforts and false credit reporting, postage for dispute letters, and emotional distress.

26.

As a result of Defendants' FCRA violations, Plaintiff was required to retain legal counsel.

## COUNT ONE:
### Defendants' Violations of the FCRA

27.

At all times relevant hereto, Defendants were each a "person" as that term is defined by 15 U.S.C. § 1681a(b).

28.

At all times relevant hereto, Defendants were each a "furnisher" as that term is used in 15 U.S.C. § 1681s-2(b).

29.

Defendants each violated Sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b). Defendants each did not undertake reasonable investigations of Plaintiff's CRA Disputes concerning the Nissan Account (for Defendant Nissan) and Spring Oak Account (for Defendant Spring Oak) and did not consider all relevant information provided with such disputes.

Defendant Spring Oak further violated the FCRA when it directed Equifax to reinsert the Spring Oaks Account into Plaintiff's credit file after it had initially been deleted.

30.

Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious damages and harm to Plaintiff described in Paragraphs 24 (as to Defendant Nissan) and 25 (as to Defendant Spring Oak) above, and as a result Defendants are each liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## TRIAL BY JURY IS DEMANDED.

Plaintiff requests a jury trial on all claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the judgment be entered in his favor and against Defendants for his actual damages, punitive damages, statutory damages, attorneys' fees and costs, and all other relief deemed just, equitable, and proper by the Court.

Dated July 11, 2025.

Respectfully submitted,

*/s/John A. Love*
John A. Love
GA Bar No. 459155
LOVE CONSUMER LAW

9

2500 Northwinds Parkway, Suite 330
Alpharetta, GA 30009
Telephone: (404) 855-3600
tlove@loveconsumerlaw.com

10